# E. Scott Frison, Jr.
6520 Springcrest Drive, Greenbelt, MD 20770
301-552-0439 (p) 301-552-3167 (f)

August 9, 2000

Department of Veterans Affairs
Washington Regional Office
1120 Vermont Ave., NW
Washington, D.C. 20421-1111
Attn:  Ms. Donna Suggs
202-745-8500 (fax)

    Re:  Disability Determination (E. Scott Frison, Jr., 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)

Dear Ms. Suggs:

    My records indicate that I was most recently scheduled for a follow up physical on July 17, 2000 to determine my disability rating. As indicated in the record provided, I was also scheduled for a social security physical that same day to address my heart condition. The tests were very taxing and I was unable to make the VA appointment, and asked at that time that the same be rescheduled. This communiqué serves to confirm the request that a physical be rescheduled to facilitate a comprehensive evaluation of the physical disabilities that I have long alleged exist and to which I have repeatedly provided medical documentation.

    In order to assist in the ongoing evaluation of my disability condition, I provided the Veterans Administration (VA) copies of my medical records in 1989, again in 1992, in 1996 and again in December 1999, See cover page at Ex. 2. Each medical record was updated to show the current status of prior conditions complained of and the December 1999 records were tabbed for each disability claimed in order to show the commence of the disability and to more readily identify the service connection to each claimed disability. I also provided a letter to Secretary West, Ex. 2A, wherein I responded to the disallowance of service connection of each disability in order to facilitate an expeditious identification of the service connection.

    In May 2000, I received the letter, at Ex. 2B from Mr. Douglas A. Wallin. Mr. Wallin's letter although making mention of my December 1, 1999 letter wherein I refer to medical evidence, did not mention the 188 pages of medical evidence provided the VA, the cover page being at Ex. 2.

    Mr. Wallin's letter specifically asks for medical documentation that shows a service connection to the disability claimed. The December 7, 1999 medical records previously provided the VA, Ex. 2, provided the very evidentiary documentation that Mr. Wallin requests at his letter.

02 2278

FILED
NOV 1 9 2002
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Exhibit
6

The medical report filed with VA is 188 pages long, broken down into eleven (11) sections. The subject matter by section is as follows:

#1:   Twenty-nine (29) pages of medical evaluations covering my years of service where several conditions are noted.

#2.   Four (4) pages of audiometer exams that depict hearing loss. For four (4) years as an enlisted man I served as a manual Morse operator copying high pitched Morse code. The constant exposure to the noise adversely effected my hearing. Likewise fourteen (14) years of flying as an Army Aviator also effected my hearing to the point where I now have a constant tone in both my ears that at times drowns out the incoming sounds and voices around me.

#3.   Forty-five (45) pages of EEG evaluations that when read with the physical examinations at TAB #1 can chart when my psychosocial problems started. My former wife, son and friends will testify that upon return from Vietnam I was a different person. Often moody, always angry, I suffered from fits of uncontrollable anger so much so that the Army sent me for psychological evaluations. The evaluations provided by medical psychiatrist clearly depict the existence of post traumatic stress syndrome. I later participated in five (5) years of family counseling with a civilian psychiatrist working out of Bethesda, Maryland who also diagnosed my condition. The records of all physicians that have diagnosed me are available. The only records not previously provided were from the civilian, Ph.D. Joan Rabinor, in Bethesda.

#4.   Two (2) pages of evaluations and medical opinions about my rectal condition.

#5.   Seven (7) pages on fractures to upper body and arm.

#6.   Thirty-five (35) pages of evaluations and reports about my back. The denial of this service connection is especially egregious because in 1974 while flying a helicopter at Fort Rucker, Alabama I crashed landed. Injuries to my back were noted at that time. I have not only the medical records of that crash but also the flight records that can be introduced as evidence. My back and neck condition has worsened to the point that I am in constant pain and am hampered in my movements and activities. For a period of time I was being seen by the pain management clinic at Walter Reed who provided trigger point injections to by back and neck and several spinal blocks to control the pain. In the end nothing attempted was able to completely eliminate the pain. Records of my treatment are at Walter Reed and have been provided to VA in the past.

#7.   Twenty-two (22) pages of cardiovascular medical history, when read in conjunction with the medical reports at TAB #1, clearly depict when my heart condition deteriorated to the point of atrial fibrillation. Clearly the condition was not present when I entered the Army; it manifested itself following Vietnam and according to the records has gotten progressively worse over time. I attribute the condition to my exposure to

Agent Orange in the Vietnam arena. See Ex. 3. VA has never addressed my claim under Agent Orange although I have medical documentation of tumor growth. My former wife and I had one son prior to my going to Vietnam. After my return from Vietnam my former wife was unable to carry any children conceived to term, resulting in miscarriages. These medical records were also provided and are available for your review, as is the testimony of my former wife.

#8.   Twenty-one (21) pages of medical record addressing my visual acuity. My vision was 20-20 upon entry into the military and that status is reflected on several of my medical examinations at TAB # 1. However, my vision deteriorated to such a degree that flying became a problem and when coupled with the headaches and dizziness addressed at TAB #3, and my heart condition at TAB #7, these combined conditions led to my being grounded and virtually ended my flight career.

#9.   Six (6) pages of medical evaluations of knee injuries eventually diagnosed as a torn ACL.

#10.   Twelve (12) pages of medical record depicting recurring dislocation of ankle.

#11.   Five (5) pages establishing the loss of teeth in Vietnam and during other periods of service.

## DISABILITY DETERMINATION

The matter of my disability has been before the VA since 1989. During the period, June 1989 TO August 2000, my condition has continued to deteriorate to the point to where I have not now been able to work in four (4) years. I ask that this matter be brought to a close. Either grant my disability application or disallow it so that I and or my family might pursue this matter before the VA appellate authority or the VA Court of Appeals.

Your immediate consideration in this matter is greatly appreciated.

Ellis S. Frison, Jr.
6520 Springcrest Drive
Greenbelt, MD 20770
301-552-0439
301-552-3167 (fax)

cc:
Ms. Joyner (DAV)
202-293-2120 (f)