# E. Scott Frison, Jr.

6520 Springcrest Drive, Greenbelt, Maryland 20770
301-552-0439 (p) 301-552-3167 (f) frison@erols.com

August 22, 2001

Mr. Roland A. Christian
Director,
District of Columbia Regional Office
1120 Vermont Ave.
Washington, DC 20001

Re:  Refusal of Veterans Administration to timely process compensation and pension.

Dear Mr. Christian:

I retired on February 1, 1989, Ex. 1, and filed my application for compensation and pension on February 2, 1989.  Ex. 2.  Since that initial filing, agents of the Veterans Administration (VA) have allegedly misplaced my application, lost my medical records, routinely refused to return my calls, and ignored evidence that support my application for 100% disability compensation and pension.[1]

I am currently disabled and am unable to work.  I previously was employed by the District of Columbia Superior Court.  In an accommodated position, I worked from June 1990 to July 1996 for the court.  In 1993 I suffered daily incidents of supraventricular arrhythmia culminating in my hospitalization on December 16, 1993 for five (5) days.  Ex. 3. Nitroglycerin and other medical treatment were unable to stabilize the arrhythmia.[2]

In 1995, a service connected condition contributed to a slip and fall accident, which re-injured my lower back, which resulted in total temporary disability.  Ex. 4.  In 1996, I was once again hospitalized with supraventricular arrhythmia, Ex. 5.  Once again I notified VA and once again VA took no action to award the disability rating mandated at 38 CFR.  Instead VA produced a report that identified three service-connected injuries but awarded no disability.  This conduct by VA violates its own regulation.  My hospitalization for arrhythmia is documented in my medical record and acknowledged by Director C. Fay Norred at the October 21, 1996 letter, Ex. 6.

**FILED**

NOV 1 9 2002

02 2278

---

[1] See Medical Narrative Summaries (Cardiology, Head, Neck and Psychiatric, Spinal, Podiatry, Agent Orange, Optical, Dental & Oral, Knee, and Wrist & Hand) filed with this letter, and incorporated herein by reference.
[2] A reading of the Note at p.391, 38 CFR, CH.1 (7-1-00 Edition) required VA to assign a disability rating of 100% on the first day of hospitalization and mandated a follow up examination six months later to determine a final disability rating.  Although VA was notified of my hospitalization, VA did not comply with its own regulation.

Exhibit

7

yet for reasons unexplained VA declined to follow its own regulations at p.391, 38 CFR, Ch.1 (7-1-00 Edition).

Unable to work, I insisted that VA make a decision as to my disability. I informed VA of my intent to enroll in rehabilitation training, in an area that would accommodate my disability. I coordinated my enrollment with my VA caseworker, and filed paperwork for rehabilitation compensation, in conjunction with my pending disability, and post traumatic stress compensation and pension. All these benefit applications remain stalled in the VA system.

Periodically, VA has provided written updates as to the status of my application. Ex. 7-7G. However, when I insisted on a final determination, VA agents struck back at me by refusing to answer or return my calls, or to respond to my messages, much like Jubelo struck at Hiram Abiff to compel his compliance.

Frustrated, I demanded a medical examination or hearing on my application. And as a result, I was referred to a physician at the VA hospital. Ex. 8. Upon arriving, the physician explained that he did not have my medical records, and admitted that as a general practice physician, he was not qualified to rate my specific medical conditions. He engaged in general probing, and a physical dexterity examination and then concluded. He suggested that I once again contact VA to set up an appointment with specialist in the areas of my disability.

I requested follow-up medical appointments and a detailed report of what had been done in my case since my application in 1989. I was informed that VA agent responded by informing me that my application for disability was not effective in February 1989 but had been filed December 1999. I submit that agent(s) at VA improperly closed by case, ignored evidence that mandated an award of 100% disability, and otherwise manipulated my records and the evidence in order to avoid:

1. Awarding back compensation and pension for a twelve (12) year period;
2. Having to answer why my application and the available evidence had not been acted upon for twelve (12) years.
3. Liability for non-treatment of my condition for twelve (12) years.

VA agents have sought to destroy my disability claim, much like Jubelum struck down Hiram. And the representations at your letter dated December 19, 2000, Ex. 9, is evidence of the same. Decisions reported to you were not based upon the evidence but on an unwillingness of VA agents to review the record and identify the evidence. I have done that in the attached evaluations filed herewith.

The record of service connected disability is once again provided. Each medical condition is identified along with the VA cite to 38 CFR as to each respective disability. A review of the medical records and the CFR reveals the following disability ratings:

1. Cardiology Medical Narrative Summary – 100%[3]
2. Head, Neck and Psychiatric Medical Narrative Summary – 100%[4]
3. Spinal Medical Narrative Summary – 93%[5]
4. Podiatry Medical Narrative Summary – 79%[6]
5. Agent Orange Medical Narrative Summary – 49%[7]
6. Optical Medical Narrative Summary – 100%[8]
7. Dental & Oral Medical Narrative Summary – 20%[9]
8. Knee Medical Narrative Summary – 30%[10]
9. Wrist & Hand Medical Narrative Summary – 64%[11]

In addition to the medical documentation provided, I also possess copies of annual physical examinations that serve to corroborate the above conclusion. Please identify the names and addresses of those VA agents that were involved in the medical adjudication of my case so that should this matter go to a hearing or the Board of Veterans Appeals, they might be properly deposed and called to testify.

I request an award of 100% disability with compensation and pension benefits retroactive to 1989. I also request rehabilitation / vocational expenses retroactive to 1996. In the alternative I request a hearing per §3.103(a), 38 CFR ch.1 (7-1-00 Edition) where I might present evidence of my disabilities.

I thank you for your timely attention to this matter.

E. Scott Frison, Jr. (w.son)
Major, United States Army (Ret.)

cc:
White House Liaison Office
Senator Strom Thurmond
Senator Barbara Mikulski
Senator Paul Sarbanes

---

[3] See §4.104, 38 CFR Ch.1 (7-1-00 Edition) # 7010, and Note at the top of page 391.
[4] See §4.87, 38 CFR Ch.1 (7-1-00 Edition) # (s) 5003, 6205, 9411, and 9440. See also combined table §4.25, 38 CFR Ch.1 (7-1-00 Edition).
[5] See §4.71a, 38 CFR Ch.1 (7-1-00 Edition) # (s) 5003, 5290, 5292, and 5293, 7010. See also combined table §4.25, 38 CFR Ch.1 (7-1-00 Edition).
[6] See §4.71a, 38 CFR Ch.1 (7-1-00 Edition) # (s) 5003, 5271, and 5276. See also combined table §4.25, 38 CFR Ch.1 (7-1-00 Edition).
[7] See §4.25, 38 CFR Ch.1 (7-1-00 Edition) # 7804. See also combined table §4.25, 38 CFR Ch.1 (7-1-00 Edition).
[8] See §4.84a, 38 CFR Ch.1 (7-1-00 Edition) # 6012.
[9] See §4.15o, 38 CFR Ch.1 (7-1-00 Edition) # 9913.
[10] See §4.71a, 38 CFR Ch.1 (7-1-00 Edition) # 5257.
[11] See §4.25, 38 CFR Ch.1 (7-1-00 Edition) # (s) 5209, and 5215. See also combined table §4.25, 38 CFR Ch.1 (7-1-00 Edition).