**Ellis Scott Frison, Jr.**
7001 Hickory Hill Road.
Falls Church. Virginia 22042

November 15, 1996

TO:    Mr. Jessie Brown
Secretary of Veterans Administration
810 Vermont Ave., NW
Washington, DC 20420

Ref. File #: 372/212A

CSS 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

Dear Mr. Brown:

    I am in receipt of the decision by the Veterans Administration to grant me service connection to several injuries and deny me service connection to others. I have submitted medical evidence[1] substantiating my claims of medical disability due to service connection for all the claims submitted.

    Medical evidence was previously provided but apparently was not available to Veterans Administration (VA) agents that compiled the denial of benefits. This appeal is supported by that same medical information and I request that I be provided a physical and hearing before a final decision is made. This appeal includes my request for disability retirement and Chapter 31 Rehabilitation / Retraining / Transition benefits.

    For cause I state that I entered the Army on July 5, 1967 and served with no break in service until February 2, 1989. See DD Form 214, Ex. A. My service encompassed four (4) years as an enlisted member and seventeen (17+) years as an officer. During my years of service, I suffered the injuries or exacerbated existing conditions that constitute the basis of my claim for disability and concomitant award of benefits.

    During the course of my service I was wounded in battle, exposed to Agent

02 2278

FILED
NOV 1 9 2002


Exhibit
10

---

[1] See Medical evaluations and consultations provided with this letter.

Orange, and suffered numerous injuries that impair my quality of life and serve as the basis for my application for benefits. Although I was assigned an Agent Orange claims number, and my medical condition[2] and the impact on my former spouse was medically documented[3], VA never followed up on our claim.

In this claim, VA returned my application for benefits without action on two previous occasions. See Ex. B and Ex. C. I returned my application to VA, which responded on or about October 4, 1996. Ex. D. In denying my claim, VA provided me the rationale at Ex. E and Ex. F.

My disabilities precluded me from pursuing the career for which I had been trained. In order to make myself marketable and earn a living, within my physical limitations, I informed my VA case worker that I intended to enroll in rehabilitation training the cost of which is at Ex. G.

As stated VA retained my claim for a period of five years prior to denying it. At the denial VA asserted that there were no medical opinions to support my claims. I respectfully disagree and again submit the prior medical documentation and updated medical support information that clearly supports my claim. I herein request that you review the denial of my disability claim and grant disability retirement, and funding for rehabilitation and vocational training.

Ellis Scott Frison, Jr.

2

---

[2] Open lesions to my head, and operations to close open sores.
[3] Several Miscarriages.

Exhibit

/0A

| Rating Decision | Department of Veterans Affairs<br>Washington Regional Office | | Page 1<br>11/25/96 |
|---|---|---|---|
| NAME OF VETERAN<br>ELLIS S. FRISON, JR. | VA FILE NUMBER<br>247 90 9862 | SOCIAL SECURITY NR<br>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 | PCA |

## ISSUE:

1. New and material evidence to reopen claim for functional heart murmur.
2. New and material evidence to reopen claim for defective visual acuity/eye problems.

## EVIDENCE:

Hospital report from Fairfax Hospital, Fairfax, Va. from August 17, 1996 to August 21, 1996
Report from Kaiser Permanente dated August 20, 1996
Report from Dr. Bryan J. Alsip dated August 22, 1996
Report from Ophthalmology Services, Andrews AFB, Md. dated August 3, 1994

## DECISION:

1. New and material evidence adequate to reopen the claim for functional heart murmur has not been submitted.
2. New and material evidence adequate to reopen the claim for defective visual acuity/eye problems has not been submitted.

## REASONS AND BASES:

1. To justify a reopening of a claim on the basis of new and material evidence, there must be a reasonable possibility that the new evidence, when viewed in the context of all the evidence, both new and old, would change the outcome. There is no reasonable possibility that the new evidence submitted in connection with the current claim would change our previous decision.

This issue has previously been considered based on service medical records. The evidence currently reviewed consists of hospital report from Fairfax Hospital, Fairfax, Va. from August 17, 1996 to August 21, 1996, report from Kaiser Permanente dated August 20, 1996, and report from Dr. Bryan J. Alsip dated August 22, 1996. Hospital report from Fairfax Hospital, Fairfax, Va. from August 17, 1996 to August 21, 1996 showed the veteran was discharged home with a diagnosis of atrial fibrillation. Medication prescribed was Digoxin 0.25 and Lopressor one a day. He could return to work on August 24, 1996. Report from Kaiser Permanente dated August 20, 1996 gave a diagnosis of medical problems. He could resume regular work on August 22, 1996. Also noted medication of Digoxin was given. Report from Dr. Bryan J. Alsip dated August 22, 1996 gave diagnosis of new chest atrial fibrillation. The report noted the veteran was seen at Fairfax for three episodes of atrial fibrillation.. He was given Lopressor. This post service treatment and does not show that the condition was incurred or aggravated by service.

2. To justify a reopening of a claim on the basis of new and material evidence, there must be a reasonable possibility that the new evidence, when viewed in the context of all the evidence, both new and old, would

Exhibit 10B

| Rating Decision | Department of Veterans Affairs<br>Washington Regional Office | | | Page 2<br>11/25/96 |
|---|---|---|---|---|
| NAME OF VETERAN<br>ELLIS S. FRISON, JR. | VA FILE NUMBER<br>247 90 9862 | SOCIAL SECURITY NR<br>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 | | POA |

change the outcome. There is no reasonable possibility that the new evidence submitted in connection with the current claim would change our previous decision.

Report from Ophthalmology Services, Andrews AFB, Md. dated August 3, 1994 was reviewed and considered. Diagnosis was status post chalazion, left upper eyelid. This post service procedure does not establish that the condition incurred or was aggravated by service

Exhibit

10 C